UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARBORS ON THE LAKE 2018, LLC, BY AND THROUGH, ATTORNEY-IN-FACT, PRIME ROOFING AND RESTORATION, INC.** | **CIVIL ACTION**<br><br>**NO: 23-192**<br><br>**SECTION: T(4)** |
| **VERSUS** | |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** | |

## ORDER

Before the Court is a *Motion to Compel Arbitration and Dismiss Plaintiffs' Claims or, Alternatively, Stay Proceedings*, filed by Defendants, Certain Underwriters at Lloyd's London.[1] Plaintiffs, Arbors on the Lake 2018, LLC, have not filed an opposition.

For the following reasons, the motion is **GRANTED**.

## FACTUAL BACKGROUND

This matter arises from a claim for property damage following Hurricane Ida on August 29, 2021.[2] Defendants issued a policy of insurance to Plaintiffs effective at the time of the purported property damage.[3] Following Plaintiffs' claim for damages, a coverage decision was made by Defendants with which Plaintiffs disagreed.[4] Plaintiffs subsequently filed suit in state court seeking damages for breach of contract.[5] Defendants removed this matter to federal court citing federal question jurisdiction.[6] Defendants now seek enforcement of the arbitration clause contained within the insurance policy provided to Plaintiffs pursuant to the Convention on the

---

[1] R. Doc. 10.
[2] R. Doc. 10-2.
[3] R. Doc. 10-3.
[4] R. Doc. 10-2.
[5] *Id.*
[6] R. Doc. 1.

1

Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").[7] The arbitration clause at issue provides, in pertinent part:

> C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
> ***
> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.
> ***
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.[8]

## LAW AND ANALYSIS

There is a liberal federal policy favoring enforcement of arbitration provisions, especially regarding international commerce.[9] In examining whether the Convention requires an order compelling arbitration, the Court conducts a "very limited inquiry."[10] Courts should compel arbitration if: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (40 a party to the agreement is not an American citizen."[11] Upon finding that these requirements are met, the court shall compel arbitration except in cases where the court finds the agreement "null and void, inoperative or incapable of being performed."[12]

---

[7] R. Doc. 10.
[8] R. Doc. 10-3, page 24 of 42.
[9] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625, 631 (1985).
[10] *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).
[11] *Id.* (quoting *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)).
[12] *Id.*

In this matter, all four requirements for compelled arbitration are met. The subject arbitration clause is contained in a written policy of insurance. The arbitration clause specifies that the arbitration shall occur in New York, a city within the United States which is a signatory to the Convention.[13] An arbitration clause in an insurance agreement satisfies the requirement that the arbitration arises from a commercial relationship.[14] Finally, Certain Underwriters at Lloyd's, London is a citizen of the United Kingdom not the United States.[15] Therefore, the arbitration clause is governed by the Convention and is enforceable. Accordingly, the Court will **GRANT** the motion to compel arbitration, and stay these proceedings pending the outcome of that arbitration.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the *Motion to Compel Arbitration* is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending the outcome of arbitration.

New Orleans, Louisiana this 5th day of April, 2023.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[13] The United States ratified the Convention in 1970. 9 U.S.C. § 208.
[14] *See Gullege v. Certain Underwriters at Lloyd's, London*, 2018 WL 4627387 (E.D. La. Sept. 27, 2018) ("The agreement arises out of Defendant's insurance policy, a commercial legal relationship, issued to Plaintiff.").
[15] R. Doc. 10-3, Declarations Page.